**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEAST DIVISION**

| | | |
|---|---|---|
| **VICKI L. HENDERSON and** | ) | |
| **LEE H. HENDERSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 2:11-0048** |
| **v.** | ) | **Judge Sharp / Knowles** |
| | ) | |
| **SHAPIRO & KIRSCH, LLP and** | ) | |
| **OCWEN LOAN SERVICING, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is a "Motion To Dismiss And To Dissolve Temporary Injunction" filed by Defendant Ocwen Loan Servicing, LLC. Docket No. 39. Along with that Motion, Defendant has filed a supporting Memorandum of Law. Docket No. 40.

Plaintiffs have not responded to the instant Motion.

Plaintiffs filed this action on May 6, 2011 (Docket No. 1), and obtained a TRO halting foreclosure efforts on their property on May 9, 2011 (Docket No. 4). The TRO remained in effect until a hearing was held on June 27, 2011, when the Court converted the TRO into a Preliminary Injunction. Docket No. 31. On June 28, 2011, the Court ordered, *inter alia*, that, within thirty (30) days of the entry of that Order, Plaintiffs must pay into the Clerk of this Court, as security under Fed. R. Civ. P. 65(c), a payment of $13,540.57, to be held in the Court's registry pending further order. *Id.* The Court's June 28, 2011 Order also required that, beginning July 20, 2011, and continuing thereafter on the 20th day of each month, Plaintiffs must pay into the Clerk of this Court, as security under Fed. R. Civ. P. 65(c), a payment of $700 per

1

month. *Id.*

Defendant filed the instant Motion seeking dismissal of Plaintiffs' claims for failure to state a claim for relief and for failure to abide by the Orders of this Court. Docket No. 39. Defendant argues that its Motion should be granted because Plaintiffs have failed to comply with both provisions of the Court's June 28, 2011 Order discussed above.

Fed. R. Civ. P. 41(b) provides for the involuntary dismissal of an action when a plaintiff fails to prosecute, fails to comply with the Federal Rules, and/or fails to comply with a court order. The record in the case at bar reflects that Plaintiffs in this action have not complied with the mandates of this Court's June 28, 2011 Order. Because Plaintiffs have failed to comply with this Court's June 28, 2011 Order, the undersigned recommends that Defendant's Motion be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____

E. CLIFTON  KNOWLES
United States Magistrate Judge